### LAUNDON, WINDECKER & CO. v. JOSEPH A. DENMAN, ET AL.

FAILURE TO PROPERLY INDEX NAMES.

> The index to such foreign execution docket must show the names of all parties to the judgment and a failure to comply with this, or other requirements of the statute will defeat the lien of such judgment as against subsequent purchasers or creditors

APPEAL from Huron county Common Pleas.

HAYNES, J.

The case of Laudon, Windecker & Co. against Joseph A. Denman and others is one that comes into this court by way of appeal and has been heard upon the evidence and the arguments of counsel. The petition was filed originally by the plaintiffs for the purpose of enforcing a certain judgment, and also for the purpose of marshaling liens upon certain real estate situated in the county of Huron.

In regard to quite a number of liens there is no controversy. The main controversy submitted here for our decision is upon the alleged lien acquired by the plaintiffs by virtue of a certain levy caused to be made upon the property of the defendant by the name of Monett, cashier, upon a certain mortgage which he holds against the property, and executed by the parties who are the defendants.

It appears by the evidence offered, that March 31, 1890, the plaintiffs obtained a judgment against Joseph A. Denman and Frankie L. Denman in the court of common pleas of Sandusky county in the sum of $1,375; that thereafter, execution was issued from the court of common pleas of Sandusky county to the sheriff of Huron county which was received by him April 1, 1890; that, by virtue of that execution, he made a levy upon the property in question.

It further appears by the evidence that December 9, 1890, the defendant, W. O. Monett, cashier, received from the defendants, Joseph A. Denman and Frankie L. Denman, two promissory notes of that date, one for $1,500 payable in one year after date, and one $500, also payable in one year after date with interest. To secure those notes a mortgage was executed as of that date by the defendants, Joseph A. Denman and Frankie L. Denman upon the property in question, being the property of Frankie L. Denman, and the mortgage was delivered accordingly.

It further appears, that at the time the sheriff of Huron county received the execution in question, he made an entry upon the foreign execution docket of Huron county, wherein he, under the head of "names of parties," put down the names of Samuel K. Laundon and others against Joseph A. Denman, and that was all. The word "execution," the county from which it was issued, the date of the writ, when received, the date of the judgment, and the amount of the judgment were also entered at that time. The copy of the return was entered on said docket as follows:

"This writ received on the first day of April, 1890, at 9 o'clock A. M. and levied the same on the following described real estate as instructed by plaintiff in person, April 2, 1890, as described in the schedule marked 'A, B and C, hereto attached, and made part of the return.' And such schedules were copied showing a description of the property, and under the return was added, 'This writ returned by order of the plaintiff in person.'"

Testimony was offered upon the hearing of the case in regard to the knowledge that Monett had, or did not have in regard to this judgment and execution and of this levy; also as to the knowledge that Denman himself had of the judgment.

It appears from the testimony that Denman had no knowledge of the judgment, neither did Monett, or any of those acting for him, have any knowledge of the existence of this record upon the foreign execution docket, or of the judgment, or of the levy.

Some evidence was offered tending to show that upon the trial of this case in the court of common pleas, Denman testified that he and Charles H. Stewart, who was connected with the loan, perhaps as attorney for Monett, came to the courthouse and examined the records or to see the records. But, whatever the testimony may have been at the trial in the court of common pleas, the witness stated here that he had no recollection of any such examination and affirmatively testified that he had no knowledge of the judgment at the time he executed the notes and mortgage.

There being then no actual notice of the existence of this record, the question stands upon the effect that is to be given to this record, under the statutes of the state of Ohio.

It was further shown in regard to the entries on the foreign execution docket that the name of Frankie L. Denman was not entered on the execution docket until sometime after the execution of this mortgage. Neither was her name entered upon the index in the foreign execution docket until after, or at the same time it was entered upon the docket itself, to-wit, after the notes and mortgages were executed. The name, however, of Joseph A. Denman was entered upon the index at the proper time and place. It will be noted that in the levy which was made, that I have read, that it does not state on whose property this levy was made. It does not state that this levy was made upon this real estate as the property either of Joseph A. Denman or Frankie L. Denman. The first mention that is made of the name of Frankie L. Denman is to be found in the description of one or two pieces of property, wherein it was stated that in a partition that was made sometime before, there was set off to Frankie L. Denman from said property certain parts or parcels of it.

It is contended upon the part of the counsel for Monett that this record is wholly void, or at least it is of no effect as to any notice to Monett, cashier; that it does not effect the rights that he has in these notes and mortgage; that he is entitled to be paid before the plaintiffs are paid the amount of their judgment out of the proceeds of the sale of the property.

Upon the other hand, it is claimed upon the part of the counsel for plaintiffs. that the entries are sufficient,—a sufficient compliance with the requirements of the statutes of the state and that they constitute an entry and constitute a valid notice in law as against Monett, cashier; that they are constructive against him; that by virtue of this, by force of the statute, the plaintiffs are entitled to payment out of the proceeds of the sale of the land.

It calls for a construction of the statute. Sec. 1212 is the one that is relied upon:

Section 1212. "There shall be kept in the office of the sheriff of each county a foreign execution docket, to be furnished at the cost of the county, in which docket the sheriff shall on the receipt by him of any execution, order of sale or other process issuing from any court of any county of the state, other than that in which he resides, make an entry of the date of such writ when received by him, from what court and county issued, the date and amount of judgment or decree; also copy in such book the full description of the property and real estate which he levies upon or offers for sale, the same as is endorsed upon or contained in such writ; also copy into such book his return on such writ when he makes the same, including the bill of costs; and shall for the use of the persons entitled to the same, retain all fees due in such cases to residents of his county, and pay the same over on demand to such persons, and shall make a direct and reverse index of each case so entered; and such entries so made, shall be notice to subsequent purchasers and creditors of the matters contained therein."

It is claimed by counsel for the plaintiffs that all that was necessary under that statute, was that the sheriff should enter upon the docket only the date of the writ, when received by him, from what court and county

issued, and the date and amount of the judgment or decree, and a full description of the property and real estate which he levies upon or offers for sale, the same as is endorsed upon and contained in such writ; also copy in to the book the return on such writ, when he makes the same, including the bill of costs, and that, when he has done that, it is sufficient.

On the other hand, it is claimed by the counsel for the mortgagee, that the names of the parties should be entered upon the docket and should be contained in the direct and reverse index, that is required to be made, and that when that is done, it shall be notice to subsequent purchasers and creditors of the matters contained therein and until that is done, it is not notice to subsequent purchasers and creditors.

It will be observed that the statement does not mention anything about the names of parties. Upon examination of the statute, the language is, "that the sheriff shall make a direct and reverse index of each case so entered."

It is claimed upon the part of counsel for plaintiff that the word "entry," "when such entry is made," only refers to those matters contained in the statute that come under, and are mentioned there, as we understand it, under the term "entries."

The language of the statute is that "he shall make an entry of the date of the writ, when received by him, from what court and county issued and the date and amount of the judgment or decree," and next, "he shall copy in such book the full description of the property and real estate which he levies upon or offers for sale, etc." Third "That he shall make a direct and reverse index in each case so entered," using the words, "entries," "copy" and "index."

The question is made as to the validity of this levy, being, as is termed a mere office or paper levy, but we are of the opinion that the case of *Morgan* v. *Kinney*, 38 O. S., 610, settles that question that so far as the levy itself is concerned, it was a valid levy.

Coming back now to the statute; we have given the matter a very faithful and careful consideration, and have endeavored, in coming to a conclusion in regard to the proper construction of the statute, to look at the purposes and objects for which the statute is made, and the necessity for such a statute and the probable effect that the legislature supposed would be given to it by parties who would have occasion to search the records, and also by the courts.

We are of the opinion that the foreign execution docket should show in the entries of the executions, the names of the parties, that when it requires of the court or of the sheriff that he shall make an entry of the date of the writ, when received by him and from what court and county issued, and the date and amount of the judgment or decree, that the intention is here to enter such statements in regard to the execution, as will certify to any party who has occasion to examine the record as to who the parties to the execution are, as well as the amount of the execution, and the action taken by the sheriff under the execution.

Coming now to the matter of indexing, it will be observed that it is not stated what the index shall be or what it shall consist of except that he shall make a direct and reverse index of each case.

The first matter in a case in court are the parties to the case, the person in whose favor the judgment is rendered, and against whom judgment is rendered.

It seems to be natural and just conclusion that in making an index of any case, it should be an index of the names of the parties, and we think further that the intention of the legislature was that, the index being made of the parties, it should become a source of information to any person or persons who should make an examination; indeed, in the natural order of things, a party would go to the index for the purpose of ascertaining whether there was an execution of that kind; whether an execution had been ordered, and whether an execution of that kind had been recorded in the foreign execution docket against a party from whom he was asking, or might expect to take a lien upon land. Were it not

**that an** index were required to be made and were it not that the names of the **parties** were placed upon the index for his information, he would be compelled **to** go to the foreign execution docket, and examine it from beginning to end, each **case** separately, for the purpose of ascertaining whether a particular piece of land had been levied upon and in looking at that, he would naturally first look to see if the names of the parties were not required to be there, were not required to be **in** the index, only thing he could find or expect to find would be the description of the property itself. The name of Frankie L. Denman being left out, for instance, in the index of the execution docket, in making an examination of this record, he would not learn from it that this property had ever been levied upon **as** the property of Frankie L. Denman; he would not learn that there was any judgment that had been rendered against her; that the plaintiff was claiming any lien by virtue of his execution as against her, save and except this, that this execution for $1,375, in favor of somebody had been levied upon this land.

Now the object and purpose of this statute undoubtedly is to enable a party to have, within the limits of the country wherein the land is situated, such a record of the case that any person who desires to obtain security or take a mortgage from a judgment debtor, may ascertain whether there is any lien of that kind upon the land upon which he proposes to take a mortgage, or of which he proposes to make a purchase, and the general scope and policy and purpose of the legislature of this state is, as shown by the various enactments in the state, to have a record of the levy itself and also an index, and every facility furnished that is practicable, to the party who seeks to search the record and obtain the information he desires to obtain.

We have come to the conclusion therefore, that the claim made by the counsel as to the construction to be given to the statute, that when there is an entry made, of the names of parties upon the foreign execution docket, with the other matters that are directed; also when there is made a direct and reverse index of each case so entered, including the names of the parties, and, of course, the names of all the parties—that when such entries are made —"so made," that they shall be notice to subsequent purchasers and creditors, of the matters therein, is that the term "entry" included in the statute is intended to include all these respective and various matters. If our view of the construction of the statute is correct, it follows that the lien of the plaintiffs here must be postponed to the lien or the mortgage of Monett. He claims to be a *bona fide* purchaser for a valuable consideration. The testimony shows that the mortgage was taken in part for obligations that were owing to him by Denman and in part for moneys that were paid to Denman at that time. There was a surrender of prior notes and there was an extension of time from that time forward, so that the party himself within the description of a *bona fide* purchaser for a valuable consideration.

There was an issue made as to whether the mortgage had been paid or not. Some evidence was offered tending to show that payments had been made arising from collateral securities that were held by the savings bank to be applied upon this mortgage. It is sufficient to say that it is not shown that the whole mortgage is paid and perhaps but a small portion of it. We have made no computation of that matter because counsel who are familiar with the evidence, can do that as well as we, and a decree may be taken in accordance with the general rules stated in the opinion.

*C. P. Wickham*, attorney for plaintiffs.

*G. T & C. H. Stewart* and *C. L. Kennan*, attorneys for defendants.